### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN, AND HAMP-DEN, SEPTEMBER TERM 1852, AT NORTHAMPTON.

### [CONTINUED FROM VOLUME IX.]

### PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } JUSTICES.
Hon. CALEB CUSHING,

ISAAC N. PRIOR, Executor *vs.* MARIA A. TALBOT & another

If an executor be also appointed trustee in the will, but give bond only as executor, he is chargeable in that capacity for the property in his hands, until he has given bond as trustee, and charged himself with the property as trustee.

APPEAL by Isaac N. Prior, from a decree of the judge of probate. Isaac Prior, the testator, died in 1832, leaving a widow, Roxana Prior, and three children, namely: Isaac N. Prior, Warren Prior, and Mary P. Talbot. By his will, proved November 6, 1832, the appellant was appointed executor and trustee, but he gave bond only as executor. The will required "the said trustee to divide and set apart one third of the proceeds arising from the sale of" almost the entire estate, "and having safely and prudently invested the same in his

own name, to hold the same in trust to pay the income to the said Roxana, during her life, and after her decease to hold the same upon the trusts, and to be thus distributed; one third to Warren Prior, one third to himself, and to stand and be possessed of the other third in trust to pay the income thereof to said Mary P. Talbot, during her life, and at her decease, the principal to be divided equally among her children, &c." The executor, pursuant to the terms of the will, sold the estate thus set apart, and invested one third thereof as a fund for the widow, and kept the same invested until early in 1838, when it was repaid to him, and he used the same in his private business, and subsequently he became insolvent and unable to pay over said fund. He however paid the widow, Roxana, the interest of said one third, until her death, which occurred March 24, 1840. The said Mary P. Talbot, daughter of the testator, who was by the will entitled to the income of one third of the fund set apart for the widow Roxana, died in 1834, leaving two children, Maria A. Talbot, and Mary R. Rowell, and they have never been paid the legacy left to their mother. In July, 1852, the appellant presented his account, as executor, to the probate court, but did not charge himself with the one third of the fund set apart for the widow Roxana, which was to be paid to the children of the said Mary P. Talbot, and the judge of probate, on the petition of said children, ordered him to charge himself as such executor, with said sum, and interest thereon from March 24, 1840, the date of the decease of said Roxana; amounting in all to $1,873.20.

From this decree the executor appealed to this court, claiming that if he should charge himself at all for said sum, it should be as trustee, and not as executor, and that the funds never came into his hands as executor, but as trustee.

*C. P. Huntington,* for the appellant.

*D. Aiken,* for the appellees.

SHAW, C. J. The appellant was appointed executor of his father's will, and was directed to set apart a certain part of the estate, it first being converted into money, to appropriate the income to the widow for life, and then distribute the principal.

This imposed a duty upon the executor, to retain the principal and invest it; and he must stand responsible until he has discharged himself of this implied trust. His duty is to administer the estate according to the will, and such is the condition of his bond. Here he was appointed executor and trustee. If for greater convenience he wishes to close his account as executor, and open a new account as trustee, he must give bond in the capacity of trustee, and charge himself in one capacity, *eo instanti*, and by the same act by which he claims his discharge in the other. *Dorr* v. *Wainwright*, 13 Pick. 328, and the cases there cited.

The appellant having received the property as executor, and having never qualified as trustee, is bound to account in his character of executor.

*Decree of probate court affirmed.*